UNITED STATES of America, Plaintiff–Appellee

v.

Hector Rafael DELEON–AJIATAZ, Defendant–Appellant.

No. 13–40814
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 3, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Hector Rafael Deleon–Ajiataz pleaded guilty to being found knowingly and unlawfully present in the United States following deportation and received a below-guidelines prison sentence of 36 months. Deleon–Ajiataz argues on appeal that he was improperly convicted and sentenced under 8 U.S.C. § 1326(b)(2)'s enhanced statutory maximum sentence, asserting that he does not have a prior conviction for an aggravated felony as the statute requires. Our review is for plain error. *United States v. Mondragon–Santiago,* 564 F.3d 357, 368 (5th Cir.2009).

The statutes of conviction and adjudicative records that we may consider, *see Shepard v. United States,* 544 U.S. 13, 17–26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), do not support a determination that Deleon–Ajiataz had a prior aggravated felony conviction as defined in 8 U.S.C. § 1101(a)(43). Regardless of any plain error, however, Deleon–Ajiataz is not entitled to remand for resentencing because, as he concedes, he cannot show that any error affected his sentence. *See Mondragon–Santiago,* 564 F.3d at 369. Nonetheless, because Deleon–Ajiataz's illegal reentry offense was a § 1326(b)(1) violation rather than a § 1326(b)(2) violation, we REMAND for the sole purpose of reforming the judgment to reflect the proper

---

statute of conviction. *See* 28 U.S.C. § 2106. In all other respects, the judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.